UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-23207-GAYLES-OTAZO-REYES

DANIZE DIAZ,

    Plaintiff,

v.

RALPH COSTA
Library Adm.,

    Defendant.

_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff Danize Diaz, appearing *pro se*, filed this action against Defendant Ralph Costa, "Library Adm." [ECF No. 1]. Plaintiff filed a motion to proceed *in forma pauperis*. [ECF No. 3]

Because Plaintiff did not pay a filing fee, the Court must screen the case per the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e). Section 1915(e)(2)(B) says that "the court shall dismiss the case at any time" if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). "Section 1915(e) applies to all IFP litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories." *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997).

The standard governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) matches the standard governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must

contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

Pleadings are broadly construed. *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006). Allegations in a complaint are also viewed in the light most favorable to the plaintiff. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). And with *pro se* complaints, courts must apply the "liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). But a liberal construction does not excuse establishing a valid cause of action. *See GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011).

Lastly, the Court may dismiss an action at any time if it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Here, Plaintiff filed a form "Complaint for Violation of Civil Rights" against Ralph Costa, whom she gives the title of "Library Adm." and whose "Job or Title" she lists as "Miami Dade Public Library." [ECF No. 1 at 1–2]. Under the Basis for Jurisdiction section, she writes nothing— for instance, she does not indicate whether this is an action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) or 42 U.S.C. § 1983. [*Id.* at 3–4]. Under the Statement of Claim section, Plaintiff alleges that Ralph Costa "kept interrogating me about the

privacy of my children[s'] library records"; "kept harassing me about my home address . . . and about our three children[s'] last name"; "put a limit on where I should check-out our books"; "stated 'I'm not allow[ed] to put reserve books on certain Public Libraries'"; and "violated my civil rights in choosing whether our children and me choose to check-out books or pick-up books." [*Id.* at 4–5].

Based on these allegations, Plaintiff has not stated any cognizable cause of action. Plaintiff also provides no basis for federal court jurisdiction. As such, this action is subject to dismissal for both failing to state a cause of action and for lack of subject matter jurisdiction.

Therefore, it is

**ORDERED AND ADJUDGED** that this action is **DISMISSED WITHOUT PREJUDICE** pursuant to §1915(e)(2)(B). This action shall be **CLOSED** for administrative purposes and all pending motions are **DENIED as MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of August, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT COURT JUDGE